IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 3:22-cr-00220 |
| ) | |
| vs. ) | |
| ) | |
| BERNARD KENTRELL BREELAND, JR. ) | |
| a/k/a "Neezy Main" ) | |
| ) | |

**DEFENDANT BERNARD KENTRELL BREELAND, JR.'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE AND/OR DOWNWARD DEPARTURE**

Defendant Bernard Kentrell Breeland, Jr. submits the following sentencing memorandum and motion for variance and/or downward departure.

I. **Objections to the PSR**

As set forth in the Addendum to the PSR, there are four disputed objections to the PSR:[1]

- **Objections 1 and 2:** Mr. Breeland objected to the criminal history points assessed in Paragraphs 27 and 31. If these objections are sustained, Mr. Breeland would have a criminal history score of 3, which would establish a criminal history category of II.

- **Objection 3:** Mr. Breeland objected to the United States Probation Office's narrative description of a nolle prossed Domestic Violence, 2nd Degree charge.[2] Mr. Breeland acknowledges that 18 U.S.C. § 3661 provides "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense" during a sentencing proceeding. Therefore, while Mr. Breeland acknowledges that the Court can consider the information related to this nolle prossed charge, he wants the Court to know that he disputes committing the offense as described in the PSR. Because the charge does not affect Mr. Breeland's criminal history and is not relevant conduct to the instant offense, the undersigned contends that no ruling is necessary on this objection. *See* Fed. R. Crim. P. 32(i)(3)(B).

- **Objection 4:** Mr. Breeland objected to the cross-reference to U.S.S.G. § 2A2.1(a)(2). While Mr. Breeland relies on the arguments in his objections, he emphasizes that none of

---

[1] To avoid repetition, Mr. Breeland relies on the arguments made in his objections to the PSR.

[2] In the original PSR, this charge was referenced in Paragraph 42. In the revised PSR, it is referenced in Paragraph 45.

1

the cases referenced in the Addendum address the specific legal issue raised here. The relevant question is not whether the Government can show malice, recklessness, wanton behavior, or a gross deviation from a reasonable standard of care. Satisfying those standards may be sufficient to satisfy the general intent required for murder. But, here, the relevant question is whether Mr. Breeland committed *attempted* murder.

As the Supreme Court of the United States has noted, "[a]lthough a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill." *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991). Accordingly, Mr. Breeland contends that the PSR does not support application of the cross-reference to U.S.S.G. § 2K2.1(c)(1)(A). The more appropriate cross-reference[3] is U.S.S.G. § 2A2.2 (Aggravated Assault).

## II. The Court Should Grant a Variance or Downward Departure as to Mr. Breeland's Criminal History

If the Court overrules Mr. Breeland's objections as to his criminal history, the Court should vary or depart and impose a sentence as if Mr. Breeland is in criminal history category II. In the upcoming amendments to the Guidelines,[4] the United States Sentencing Commission ("Commission") has instructed that "[a] downward departure from the defendant's criminal history category may be warranted" when "[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." *See* U.S.S.C., Amendment 821, Part C.

Here, the two disputed convictions are both for simple possession of marijuana without any intent to sell. The first conviction occurred on March 29, 2010—almost ten years prior to the instant offense.[5] (PSR ¶ 27). The second conviction occurred while Mr. Breeland was *in federal*

---

[3] As noted in his objections, Mr. Breeland's arguments should not be construed as a waiver of his assertion of factual and legal innocence.

[4] These amendments become effective on November 1, 2023—two days after Mr. Breeland's sentencing. Although the amendments are not yet effective, the Court can consider them in fashioning a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

[5] Had this offense occurred two months earlier, it would not have been countable. *See* U.S.S.G. § 4A1.2(e)(2).

*custody*. (PSR ¶ 31). Respectfully, the Court should grant a downward variance to a criminal history category II based on the Commission's amendment to the Guidelines. Alternatively, the Court should depart downward because the resulting "criminal history category substantially over-represents the seriousness of the defendant's criminal history . . . ." U.S.S.G. § 4A1.3(b)(1).

**III.    Mr. Breeland is Entitled to Credit for 191 Days Spent in State Custody**

Mr. Breeland was arrested on the instant offense on March 16, 2022, and has been detained since that time. (*See* PSR at 2). Therefore, as of the date of sentencing, Mr. Breeland will be credited 593 days towards his sentence.

In addition to that credit, Mr. Breeland is statutorily entitled to credit for the time he spent in state custody on the related attempted murder charge. Mr. Breeland was "arrested by local authorities for conduct related to the instant federal offense of conviction" on February 5, 2020. (PSR at 1). He was released on August 14, 2020. (PSR at 1). Thus, he spent 191 days in state custody on related charges.

> Under 18 U.S.C. § 3585(b):
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Here, Mr. Breeland's state court charges related to the instant defense have been nolle prossed, and the time that he served "has not been credited against another sentence." 18 U.S.C. § 3585(b). Mr. Breeland acknowledges that "it is the Attorney General, acting through the

3

BOP—not the district court—who has authority to compute custody credits" under Section 3585. *See, e.g.*, *United States v. Arellano-Felix*, No. 97-CR-2520-LAB-1, 2023 WL 1487293, at *2 (S.D. Cal. Jan. 31, 2023). However, this Court can recommend that Mr. Breeland receive credit for his state time.

## IV. Section 3553(a) Factors

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts are not required to impose a sentence within the Guidelines range. Instead, the Court should determine a reasonable sentence under a two-step process. *Gall v. United States*, 552 U.S. 38, 49 (2007). First, the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Id.* (citing *Rita v. United States*, 551 U.S. 338, 347–48 (2007)). Next, the Court must give "both parties an opportunity to argue for whatever sentence they deem appropriate" and "consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49–50. In doing so, the court "may not presume that the Guidelines range is reasonable." *Id.* In fact, sentencing judges may "place greater reliance" on the section 3553 factors than the Guidelines. *See, e.g., United States v. Adelson*, 441 F. Supp. 2d 506, 509, 515 (S.D.N.Y. 2006).

Thus, although the Guidelines are "the starting point and the initial benchmark," the Court's sentencing inquiry must focus on the section 3553(a) factors and must be grounded in an "individualized assessment based on the facts presented." *Gall*, 552 U.S. at 49–50. To that end, the Court must consider the following statutory factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need to afford adequate deterrence; (4) the need to protect the public;

(5) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (6) the kinds of sentences available; (7) any pertinent policy statements issued by the Sentencing Commission; (8) the need to avoid unwarranted sentence disparities among defendants with similar records; and (9) the need to provide restitution to victims. 18 U.S.C. § 3553(a). After consideration of those factors, the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with the purposes of [sentencing]." *Id.* (emphasis added).

Mr. Breeland acknowledges that the nature and circumstances of the offense of which he was convicted are serious. However, since his incarceration, he has worked diligently towards pursuing his education. He has completed 893 courses through the Pathway to Achieve program at the Barnwell County Detention Center. (*See* Ex. A – Pathway to Achieve Transcript). Moreover, Mr. Breeland has remained active in the lives of his family and friends, many of whom have submitted character letters on his behalf. (*See* Ex. B – Character Letters). In fashioning a sentence that is "sufficient, but not greater than necessary," Mr. Breeland asks the Court to consider his rehabilitative efforts and his personal history and characteristics.

Mr. Breeland also asks the Court to recommend designation to FCI Bennettsville or FCI Butner, so that his friends and family can visit and continue to support him during his incarceration. Moreover, Mr. Breeland asks the Court to recommend that he be eligible for all educational, vocational, and rehabilitative programming, including the Evidence Based Recidivism Reduction programs that the Bureau of Prisons has created pursuant to the First Step Act.

**[Signature Page Follows]**

Respectfully Submitted,

                                            /s/ John L. Warren III
                                            John L. Warren III (Federal ID No. 12164)
                                            Email: jw@billnettleslaw.com
                                            Law Office of Bill Nettles
                                            2008 Lincoln St.
                                            Columbia, SC 29201
                                            Tel: (803) 814-2826

October 27, 2023                            CJA Counsel for Defendant Bernard Kentrell
                                            Breeland, Jr.