IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: 3:22-cr-00220 |
| | ) | |
| | ) | **Government's Response to** |
| -versus- | ) | **Defendant's Sentencing** |
| | ) | **Memorandum and Motion for** |
| | ) | **Variance and/or Downward** |
| **BERNARD BREELAND, Defendant** | ) | **Departure** |

**I.      Defendant's Objection to the Cross Reference for Attempted Murder[1]**

The Defendant objects to a cross reference for attempted murder under the assertion that the government has not presented sufficient evidence to show that he had the specific intent to commit murder during his commission of the underlying offense. However, the facts presented at trial support a different conclusion.

The evidence presented at trial showed the Defendant approaching the victim, grabbing his clothing, and shooting him multiple times at close range. Specifically, the Defendant shot the victim at multiple angles while clearly aiming in the direction of the victim's vital organs. After the victim was clearly incapacitated on the ground, the Defendant continued to shoot him while running away.

The Defendant cites *Brooks* under the assertion that the set of facts in that case are analogous to the facts of this case. *United States v. Brooks*, 67 F.4th 1244 (10th Cir. 2023). However, unlike this case, the defendant in *Brooks* fired at a moving vehicle. *See Id.* at 1246. More importantly, the court in *Brooks* did not hold that the facts did not warrant an attempted murder cross reference. To the contrary the *Brooks* court reversed the case on the basis that the

---

[1] The government agrees with the responses to the Defendant's objections as noted in the addendum and will not repeat them unnecessarily. However, the Government will provide additional bases for these criminal history calculations.

court did not adequately consider whether or not the defendant had the specific intent to kill and based the cross reference solely on the finding of malice by the defendant. Id. at 1250. More importantly, the *Brooks* court noted that the 10th Circuit and other circuits have upheld attempted murder cross references on the grounds that a defendant fired at an individual multiple times. Id. at 1251-1252.

There is no reasonable explanation for the Defendant's actions other than to kill the victim, and in many circumstances he would have succeeded. The Court should deny the defendant's motion and apply the cross-reference for attempted murder.

## II.      Defendants Objections to Criminal History and Motion for a variance

The Defendant has objected to the inclusion of two criminal history points derived from paragraphs 27 and 31 of the PSR. Paragraph 27 notates a conviction for simple possession of marijuana on March 29, 2010, and paragraph 31 notates a conviction for simple possession of marijuana on January 9, 2023. In the alternative, the Defendant has requested the court to depart or vary from the guidelines on the basis that the marijuana convictions overstate his criminal history and that the amendment to the Sentencing Guidelines provide courts with the option to provide downward departure for simple possession of marijuana offenses. In order for the Defendant's requests to have any effect on his guideline calculations, he must be successful in both of his claims because his criminal history score is a five, placing him in category III. Thus, the court would need to rule in his favor regarding both of the convictions in order for there to be any material affect to his guideline calculations. The Government disagrees with the defendant's request for a variance and departure and will address them in turn.

### a. 2010 Simple Possession of Marijuana Offense

Defendant's conviction in paragraph 27 of the PSR notes that he was arrested under the name "Devan Steele". Defendant asserts that he has never been arrested under the name Daven Steele, but further investigation by the Government has investigated this claim and determined it to be without merit. As an initial matter, the name Devan Steele, was derived from the Defendant's criminal history report derived from the National Criminal Information Center.

Additionally, a query of the Alvin S. Detention center database for the name "Devan Steele" reveals the following picture of the Defendant:



The above picture represents the only picture in the Alvin S. Glenn Detention Center Database under the name Devan Steel and corresponds to the arrest date of September 15, 2009, as noted in the PSR.

### b.  Motion for Downward Departure or Variance

The Defendant requests a variance on the grounds that his criminal history category substantially over-represents the serious of his criminal history. As a basis, the defendant cites that one of the simple possession of marijuana convictions occurred because he was tried in his absence while in federal custody and the forthcoming amendments to the Guidelines which contain an application note that a downward departure **"may be warranted"** in situations where a defendant receives criminal history points based on marijuana possession. U.S.S.C., Amendment 821, Part C (emphasis added).

As an initial matter, although the Amendments become effective on November 1, 2023, the amendment has no impact on the Defendant's sentencing. Court's have always had the authority to depart from guidelines based, in part, on a conviction for marijuana possession and the overt expression of that authority in the upcoming version of the Guidelines has not substantially affected the Court's authority in that regard. *See* U.S.S.G. 4A1.3(b) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."). In this case, the Defendant's criminal history score does not overrepresent the seriousness of his criminal history or the likelihood that the defendant will commit other crimes.

In order to accurately make a determination as to a downward departure, the court must look at rule 4A1.3 in totality. Specifically, 4A1.3(a)(2)(D) allows a court to consider "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense" when considering an upward departure. In this case, the Defendant was on bond for Possession of Crack Cocaine and Public Disorderly Conduct from an arrest on June 21, 2019 and

Assault and Battery 2nd Degree, Pointing and Presenting Firearms and a Person, and Unlawful Carrying of a Firearm from an arrest on September 12, 2019 when he shot the victim in this case multiple times at close range on February 5, 2020. Additionally, as noted during the course of trial, the Defendant was on an ankle monitor as a condition of those bonds and that monitor did not deter him from continuing to carry firearms or persist in his violent behavior.

Additionally, the 18 U.S.C. 3553(a) factors do not warrant a downward variance in the Defendant's case. First, as the facts presented at trial displayed, the nature and characteristics of this offense are as violent and devastating as any firearms offense short of a homicide. Second, the Defendant's criminal history illustrates his unwillingness to cease the commission of further crimes. The Defendant has a prior conviction for conspiracy to commit racketeering based on his affiliation with the bloods street gang. PSR ¶ 29. After serving a sentence for that conviction, the Defendant was placed on supervised release and the Court revoked the defendant's term of supervised release for continued drug use, failure to obtain employment, failure to complete community service in lieu of employment, failure to comply with the terms of electronic monitoring and engaging in further criminal conduct. See 3:12-CR-00513J, ECF Nos. 2906 and 2947.

Lastly, although the Defendant indicated he disassociated from the bloods gang in 2012, the court issued a bench warrant after the Defendant's revocation hearing because he violated the terms of his bond by going to a night club associated with the bloods gang while he was subject to electronic monitoring. See 3:12-CR-00513J, ECF No. 2955. Additionally, despite the Defendant's assertions to the probation officer, social media posts produced in discovery indicate he is still affiliated with the bloods gang during the February 2020 timeframe.

 

For these reasons, the Defendant is not entitled to a downward departure or variance. At best, any factors indicating a downward departure or variance are outweighed by stronger factors in favor of an upward departure or variance.

## IV.    Conclusion

The Defendant has a violent history which includes memberships in gangs, failure to abide by the terms of supervision, and commission of criminal offenses while on bond. Moreover, the unique facts of this case necessitate a sentence that will protect the public from future acts of violence. For all of the reasons and the reasons stated above, the court should deny the defendant's motions and sentence him to a guideline sentence that is equal to the maximum of 120 months.

Respectfully Submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Lamar J. Fyall (Fed. ID #13629)
Special Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.: 803-929-3016
Fax: 803-256-0233
Email: Lamar.Fyall@usdoj.gov

Columbia, South Carolina
October 29, 2023

7